```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                            :
WILLIAM MORALES,                                            :
                                                            :     09 Civ. 4394 (WHP)
        Plaintiff,                                          :
                                                            :     MEMORANDUM & ORDER
        -against-                                           :
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
        Defendant.                                          :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Petitioner pro se William Morales ("Morales") moves to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Morales's motion is denied.

## BACKGROUND

        On May 7, 2002, Morales was indicted on one count of conspiracy to distribute and possess with intent to distribute 1 kilogram and more of heroin and 50 grams and more of cocaine base in violation of 21 U.S.C. § 846 (which provides for a ten-year mandatory minimum), and one count of possession of a firearm during and in relation to a narcotics offense in violation of 18 U.S.C. § 924(c). (Indictment dated May 7, 2002). On October 19, 2005, he entered into a plea agreement, and agreed to plead guilty to both counts under a stipulated Sentencing Guidelines range of 322 to 387 months' imprisonment, the sum of consecutive sentences under sections 846 and 924(c). (Gov. Opp'n Ex. A: Plea Agreement dated Oct. 19,

2005, at 4.) As part of the agreement, Morales waived his right to challenge any sentence within or below the stipulated Guidelines range. (Plea Agreement 6.) In calculating this range, Morales stipulated to a Criminal History Category of II, based in part on a 2001 conviction for possession of marijuana, for which he received a $50 fine. At his sentencing on October 21, 2005, Morales acknowledged that he had read and understood the agreement, discussed it with his attorney, and signed it. (Hr'g Tr. dated Oct. 21, 2005 ("10/21 Tr.") 11-12.) In addition, Morales confirmed that he understood that under the terms of the plea agreement, he was giving up his right to appeal or otherwise challenge any sentence within or below the stipulated Guidelines range. (Tr. 12-13.) On July 6, 2006, this Court sentenced Morales to 276 months' imprisonment—216 months on the narcotics conspiracy, followed by a 60-month consecutive sentence on the firearms charge.

In United States v. Williams, 558 F.3d 166 (2d Cir. 2009), the Court of Appeals invalidated a consecutive sentence under § 924(c) in conjunction with a narcotics offense subject to a ten-year mandatory minimum. Morales's initial motion for habeas corpus, filed on May 7, 2009, relied heavily on Williams and asserted various claims relating to the validity of his consecutive sentence under § 924(c). (Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1.) On December 3, 2009, this action was stayed pending a petition for certiorari. On November 15, 2010, the Supreme Court upheld the validity of consecutive sentences under § 924(c), Abbott v. United States, 131 S. Ct. 18 (2010), and overturned Williams, United States v. Williams, 131 S. Ct. 632 (2010) (granting certiorari and vacating judgment). Morales now concedes that his § 924(c) arguments are without merit. (Reply dated May 11, 2001, ECF No. 10.)

On January 11, 2011, this Court granted Morales leave to amend his motion. (Order dated Jan. 11, 2011, ECF No. 8.) His amended motion asserts a single claim: that his 2001 conviction for possession of marijuana was erroneously included in calculating his Criminal History Category, and that his Criminal History Category should therefore have been I, rather than II.

## DISCUSSION

### I. Remaining Claims from Morales's First Petition

As a preliminary matter, although Morales's petition as originally filed asserted three claims, his latest submission concedes that two of those claims are without merit. The remaining claim asserts that the waiver of his right to challenge his sentence was not knowing and voluntary due to ineffective assistance of counsel. However, the basis for this argument is his counsel's "failure" to raise an objection to his consecutive sentence under § 924(c). To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different—i.e., that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688-692 (1984). Given that Morales's consecutive sentence under § 924 was lawful, his counsel's decision not to raise the issue did not fall below an objective standard of reasonableness, nor did it operate to Morales's prejudice. Accordingly, this claim is denied.

II. <u>Criminal History Category</u>

New York Criminal Procedure Law § 160.50(3)(k) provides that "a criminal action or proceeding against a person shall be considered terminated in favor of such person where: (i) The accusatory instrument alleged a violation of article two hundred twenty . . . ; (ii) the sole controlled substance involved is marijuana; (iii) the conviction was only for a violation or violations; and (iv) at least three years have passed since the offense occurred." The Government appears to concede that Morales's 2001 conviction meets these criteria, and that accordingly, his Guidelines range should have been based on a Criminal History Category of I rather than II. That reduction in Criminal History Categor reduces Morales's Guidelines range from 322 to 387 months, to 295 to 353 months.

However, Morales expressly waived his right to challenge any sentence within or below a Guidelines range of 322 to 387 months. "[A] defendant's knowing and voluntary waiver of his right to appeal his sentence within an agreed upon guideline range is enforceable." <u>United States v. Lee</u>, 523 F.3d 104, 106 (2d Cir. 2008). Here, under questioning by this Court, Morales stated that he understood this consequence of his plea. (Tr. 11-12.) He has offered no grounds on which to find that his waiver was unknowing or involuntary. Moreover, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice.'" <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). Morales did not raise this issue on direct appeal and has demonstrated neither cause nor prejudice. These grounds alone warrant denial of his petition.

Furthermore, aside from these procedural bars, and assuming <u>arguendo</u> that this

Court miscalculated Morales's Criminal History Category, he still would not be entitled to a decreased sentence. The Court of Appeals has declined to vacate sentences despite an error in the Guidelines calculation "when a defendant could have received exactly the same sentence in the absence of the alleged error." United States v. Diaz, 176 F.3d 52, 118 (2d Cir. 1999) (no error where despite a mistake in the Guidelines calculation, the sentence fell within the correct Guidelines range); see also United States v. Keppler, 2 F.3d 21, 23-24 (2d Cir. 1993) (same). Thus, "guideline disputes may be left unresolved where the same sentence would have been imposed under either of two overlapping guideline ranges." United States v. Bermingham, 855 F.2d 925, 932 (2d Cir. 1988); see also United States v. Borrego, 388 F.3d 66, 69 ("[W]hen the dispute at issue has no bearing on the determination of the sentence duration, district courts need not rule on disputes concerning . . . the appropriate criminal history category. . . . Thus, it has long been the view of this Court that disputed sentencing issues need not be resolved where the sentencing court (i) could, consistent with the Guidelines, have imposed the same sentence regardless of the outcome of the dispute, and (ii) indicates that it would have done so.")

Here, Morales's sentence of 276 months' imprisonment was actually below the lower Guidelines range of 295 to 353 months. Moreover, this Court did not place substantial weight on Morales's marijuana conviction in determining his sentence. To the contrary, this Court relied on his relative lack of criminal history as a significant mitigating factor warranting a lower sentence, noting that the present sentence would constitute Morales's "first extended term of imprisonment" and that prior to this offense, he had "had no significant contact . . . with the criminal justice system." (Hr'g Tr. dated Jul. 6, 2006 ("7/6 Tr.") 103, 104.)

Cognizant of the need to avoid disparity in sentencing, this Court sentenced both

Morales and his brother, Wilfredo, both of whom played "enhanced roles" in the conspiracy, to identical sentences "for the very same reasons" and because the brothers "share[d] certain similar experiences." (7/6 Tr. 104-06.) Decreasing Morales's sentence would spawn a sentencing disparity between two defendants this Court has previously identified as being in highly similar positions.

For all of these reasons, a recalculation of the Guidelines using a Criminal History Category of I would not have altered this Court's judgment that a below-guideline sentence of 276 months was appropriate given the specific facts of this case. See Almanzar-Duran v. United States, No. 00 Civ. 407 (RCC), 2005 WL 1639421, at *6 (S.D.N.Y. Jul. 15, 2005) (denying § 2255 motion because "even if Petitioner's vacated state conviction were to change his criminal history category from II to I, the Court would have sentenced him to [the same] sentence to reflect the seriousness of the offense for which Petitioner was convicted"); Miceli v. United States, No. 04 Civ. 6371 (CJS), 2007 WL 57777, at *7 (W.D.N.Y. Jan. 5, 2007) (denying § 2255 motion despite error in Guidelines calculation because "th[e] Court would have imposed the same sentence" under correct Guidelines, and "continues to believe, that the [sentence] was appropriate given all of the facts and circumstances of this case"). Accordingly, Petitioner's motion to correct his sentence is denied.

## CONCLUSION

For the foregoing reasons, Petitioner William Morales's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied. Because Morales has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.

See 28 U.S.C. § 225s(c).  In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

Dated: August 3, 2011
      New York, New York

                                SO ORDERED:

                                WILLIAM H. PAULEY III
                                U.S.D.J.

*Copy mailed to:*

Mr. William Morales
44664-054
FCC Beaumont-Low
P.O. Box 26020
Beaumont, TX 77720
*Plaintiff Pro Se*

Laurie Ann Korenbaum
U.S. Attorney's Office, SDNY (86 Chambers St.)
86 Chambers Street
New York, NY 10007
*Counsel for Defendant*