UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

WILLIAM MORALES,
       a/k/a "Willly,"

                      Defendant.

---

S6 02 Cr. 583 (WHP)
ECF Case

## GOVERNMENT'S SUBMISSION REGARDING THE DEFENDANT'S ELIGIBILITY FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

The United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, Laurie A. Korenbaum, Assistant United States Attorney, of counsel, respectfully submits the following in response to a motion from the above-captioned defendant regarding the defendant's eligibility for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of recent amendments to Sections 1B1.10 and 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") for offenses involving crack cocaine. As set forth more fully below, because the Court imposed a below-Guidelines sentence at the original sentencing proceeding, it may further reduce the sentence only to a term within the amended effective Guidelines range of 228 to 233 months of imprisonment, and the Government does not object to a reduction to a term of imprisonment within that range.

### Procedural History

On February 2, 2004, the defendant pleaded guilty to (1) conspiring to possess with the intent to distribute one kilogram and more of heroin and 50 grams and more of crack cocaine, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846; and (2) using, carrying, and possessing firearms in furtherance of the charged narcotics conspiracy, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The defendant pleaded guilty pursuant to a plea

agreement with the Government in which the parties stipulated that the applicable drug quantities were was 1.5 kilograms of cocaine base and more than three but fewer than ten kilograms of heroin, resulting in a Guidelines range of 295 to 353 months of imprisonment. The range included a mandatory consecutive term of 60 months' imprisonment for the Section 924(c) offense.

Subsequently, the defendant moved to withdraw his guilty plea. On June 2, 2005, the Court held a conference on the defendant's motion. The Court denied the motion but, on the motion of the defendant and with the consent of the Government, the Court nullified the plea agreement. Subsequently, the parties entered into a sentencing agreement which was, in all material respects, identical to the prior plea agreement. The only material difference was that the Guidelines range was calculated as 322 to 387 months of imprisonment, due to the fact that between the time the defendant had entered into his plea agreement and the time he entered into the sentencing agreement, the parties discovered that the defendant was in Criminal History Category I I rather than I. Again, the range included a mandatory consecutive term of 60 months' imprisonment for the Section 924(c) offense.

On July 6, 2006, the Court sentenced the defendant. The Court adopted the Guidelines range stipulated to by the parties – 322 to 387 months of imprisonment – but varied substantially downward from that range, sentencing the defendant to an aggregate term of 276 months of imprisonment and five years of supervised release. The defendant subsequently appealed his sentence, and that appeal was rejected by the Second Circuit Court of Appeals. *See United States v. Morales*, 273 Fed. Appx. 92 (2d Cir. 2008) (summary order).

Thereafter, the defendant moved for a reduction in sentence, pursuant to amendments to the Guidelines for crack cocaine offenses that had been enacted in 2007 and made retroactive in 2008.

On August 19, 2011, the Court granted the defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), recalculated his base offense level as level 36, and reduced his sentence to an aggregate term of 233 months of imprisonment.

The defendant is currently serving his sentence, and his current projected release date is June 11, 2019.

## Applicable Law

"A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal* v. *United States*, 486 F.3d 742, 744 (2d Cir. 2007). However, Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence under very limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In one such policy statement, U.S.S.G. § 1B1.10, the Sentencing Commission has identified amendments that may be applied retroactively pursuant to this authority and articulated the proper procedure for implementing the amendments in a concluded case.[1]  On June 30, 2011, the

---

[1] Title 28, United States Code, Section 994(u) provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A Guidelines amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10(c). *See, e.g., United States* v. *Perez*, 129 F.3d 255, 259 (2d Cir. 1997).

Commission issued a revised version of U.S.S.G. § 1B1.10, effective November 1, 2011, which provides in relevant part:

> (1) *In General.* — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions.* — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if —
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) *Limitation.* — Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a). The revised version of U.S.S.G. § 1B1.10(c) includes Amendment 750 to the Guidelines, Parts A and C *only*, in the list of amendments that are to be applied retroactively as of November 1, 2011.

Amendment 750 to the Guidelines, Part A, adjusts the quantity-based offense levels specified in U.S.S.G. § 2D1.1 for crack cocaine offenses, making permanent the changes to U.S.S.G. § 2D1.1 set forth in Emergency Amendment 748, which became effective on November 1, 2010.[2] Prior to

---

[2] Amendment 750 to the Guidelines, Part B, which is *not* to be applied retroactively pursuant to the revised version of U.S.S.G. § 1B1.10(c), addresses: (1) changes to U.S.S.G. § 2D1.1 other than changes to the drug quantity table set forth in U.S.S.G. § 2D1.1(c); and (2) changes to U.S.S.G. §§ 2D1.14, 2K2.4, 3B1.4, and 3C1.1. Amendment 750 to the Guidelines, Part C, addresses changes to U.S.S.G. § 2D2.1.

Emergency Amendment 748 and Amendment 750, distribution of 1.5 kilograms of crack cocaine and at least three kilograms but less than ten kilograms of heroin resulted in a base offense level of 36. U.S.S.G. § 2D1.1(c)(2) (Nov. 1, 2009). After those amendments, distribution of this quantity of cocaine base results in a base offense level of 34. U.S.S.G. § 2D1.1(c)(3) (Nov. 1, 2011).

## Discussion

Applying the amended Guidelines, the defendant's total offense level is 34, resulting in an applicable Guidelines range of 228 to 270 months (including the 60-month sentence mandated by Section 924(c)). Because the Court originally imposed a below-Guidelines sentence of 233 months after considering the factors contained in 18 U.S.C. § 3553(a), the question of whether the defendant is entitled to a further reduction in sentence is governed by the revised version of U.S.S.G. § 1B1.10(b)(2)(A), which provides:

> *Limitation.* — Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).[3] In addition, the Court is not authorized to reduce the defendant's sentence to less than the time he has already served. *See* U.S.S.G. § 1B1.10(b)(2)(c).

Here, because the minimum term of imprisonment provided by the amended range is less than the sentence imposed by this Court on August 19, 2011, the Court is authorized to reduce the defendant's sentence to a term within the amended effective Guidelines range of 228 to 233 months

---

[3]Subdivision (B) concerns situations in which the defendant's sentence was the product of a government motion to reflect the defendant's substantial assistance to law enforcement authorities, and is inapplicable here.

5

of imprisonment, and the Government does not oppose such a reduction. *See* U.S.S.G. § 1B1.10, comment. (n.3).

The Government has reviewed the defendant's disciplinary record while in the Bureau of Prisons. Although the defendant has been disciplined three times for fighting with other inmates – in 2002, 2005, and 2007 – the defendant has not had any significant disciplinary issues for the past five years. Thus, overall, the defendant's disciplinary record does not counsel against granting a sentence reduction.

## Conclusion

Accordingly, the Government does not oppose a reduction to a term of imprisonment within the amended effective Guidelines range of 228 to 233 months of imprisonment.

Dated: New York, New York
April 26, 2012

Respectfully submitted,

Laurie A. Korenbaum
Assistant United States Attorney
(212) 637-2266